# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

ANGEL WILLIAM VARGAS   )
   **Plaintiff,**      )
             )
v.             )  **Case No. 3:21-cv-574**
             )  **Judge Richardson / Frensley**
JOSEPH JANOW, et al.,    )
   **Defendants.**     )

## REPORT AND RECOMMENDATION

On November 1, 2021, the Court entered an Order following its initial screening of the pro

se Plaintiff's Complaint allowing certain of the Plaintiff's claims to proceed in this matter. Docket

No. 12. Additionally, the Clerk of Court mailed the Plaintiff service packets for the remaining

Defendants. *Id.* The Plaintiff was directed to "complete the service packets and return them to the

clerk's office within 30 days of the receipt of the Order" for process to issue as to these Defendants.

*Id.* The Plaintiff was "forewarned that the failure to return to the completed service packets within

the time allowed, could jeopardize the prosecution of this action." *Id.*

On April 15, 2022, the Court entered a show cause order after the Plaintiff failed to return

the service packets as required by the Court's previous order or otherwise communicate with the

Clerks' office regarding this matter. Docket No. 13.

The Clerk of Court resent service packets for the remaining four Defendants in this action

and the Plaintiff was again forewarned that failure to return the completed service packets within the

time required or otherwise respond to the Court's orders could jeopardize his prosecution of this

action and may result in this action being dismissed without prejudice. *Id.*

The Plaintiff was directed return the service packets or otherwise show cause as to why this

action should not be dismissed by May 6, 2022. *Id.* To date, the Plaintiff has not returned the

completed service packets or otherwise communicated with the Court.

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. The Court must extend the time for service upon a showing of good cause, and the Court may, in its discretion, may permit late service even where a Plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee note to 1993 amendment; *see also Henderson v. United States* 517 U. S. 654, 662-63 (1996). Otherwise, the language of Rule 4(m) requires dismissal either upon motion or *sua sponte*. Federal Rules of Civil Procedure 4(m); *see also Byrd v. Stone*, 94 F. 3d 217, 219, n. 3 (6th Circuit 1996).

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F. 2d 159, 161 (6th Cir. 1980). Plaintiff's failure to  return the service packets as directed or to otherwise take any activity in this case even after the Court extended the time for him to do so in the show cause order, indicates that he has lost interest in prosecuting this case.

For the reasons set forth herein, the undersigned recommends this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 4(m) and 41(b) of the Federal Rules of Civil Procedure.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen

2

(14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

3